UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| JOHN BARTH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:21-cv-127-DBH |
| | ) | |
| TOWN OF WATERBORO, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PENDING MOTIONS**

The plaintiff John Barth acting pro se has sued the Town of Waterboro and its manager Gary Lamb over a land use controversy. He has also sued their lawyers for their conduct in representing their clients.

*Recusal*

First, Barth says that his case cannot be assigned to me "due to [my] perjury in dismissal of the prior identical case for insufficient service despite nine sufficient admitted services of all defendants." Compl. at 1 (ECF No. 1).[1] I did dismiss his earlier federal lawsuit for insufficient service of process. Judgment of Dismissal, No. 2:21-cv-27-DBH (ECF No. 21). Barth did not appeal the dismissal, and an earlier judicial ruling is not grounds for recusal in any event. Therefore, Barth's objection to my hearing this case is **Overruled**.

---

[1] I choose to overlook the scurrilous allegations he has made against other judges of this Court. Compl. at 1.

*Res Judicata/Collateral Estoppel*

The defendants' motion to dismiss (ECF No. 4) is **GRANTED** as to the Town of Waterboro and Gary Lamb. Barth sued these two defendants over the same issues in state court and lost there, both at the Superior Court level and in the Law Court. Barth v. Town of Waterboro, Mem-20-114 (Me. Dec. 29, 2020); Barth v. Town of Waterboro, No. RE-18-56 (Me. Super. Ct. May 26, 2020) (attached as Ex. B to Defs.' Mot. to Dismiss) (ECF No. 4-2); Barth v. Town of Waterboro, No. AP-18-56, 2020 Me. Super. LEXIS 5 (Jan. 21, 2020).

"Under federal law, 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered.'" Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 326 (1st Cir. 2009). Under Maine law, "Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." Portland Water Dist. v. Town of Standish, 2008 ME 23, ¶ 8, 940 A.2d 1097. All these requirements are satisfied here. Maine law is clear that a party must present all his claims when he is able to do so: "A plaintiff will not be permitted to split his cause of action and pursue each aspect of it in separate lawsuits. Judicial economy, fairness to litigants, and the strong public interest favoring finality in judicial proceedings demand that a plaintiff present all relevant aspects of his cause of action in a single lawsuit." Kradoska v. Kipp, 397 A.2d 562, 567 (Me. 1979) (citations omitted). Thus, although it is true that Barth tried to reserve decision on his federal arguments, see Barth v. Town of

Waterboro, No. RE-18-56, at 7 n.6 (Me. Super. Ct. May 26, 2020), that is not something he could do to avoid Maine's res judicata and collateral estoppel effect. He may not proceed against the Town of Waterboro and Gary Lamb in federal court on these claims.

***Lawyer Liability***

Barth has accused two lawyers who represent the Town of Waterboro and Gary Lamb of perjury, collusion, and violation of his civil and constitutional rights, Compl. at 7-8, for the actions they took in representing their clients. First, the lawyers' duty was to their clients, not to Barth. Second, Barth is not entitled to bring a criminal prosecution as part of his civil lawsuit. Third, these lawyers are not governmental actors subject to the federal constitutional restrictions he cites (Ex Post Facto Clause; Fifth Amendment; Fourteenth Amendment) and comparable provisions of the Maine Constitution. Fourth, he has not made out a cause of action against them under federal or state civil rights statutes.

For these reasons, the defendants' motion to dismiss is **GRANTED** as to the two lawyers.

***Sanctions***

The defendants have requested sanctions against Barth for his lawsuits. I choose not to impose monetary sanctions at this time, reserving the possibility of such sanctions if Barth continues his conduct.

Barth is very angry over what he perceives to be mistreatment by Town personnel and lawyers in their resistance to his real estate development attempt. The dismissal of his earlier lawsuits, both the state lawsuit and the lawsuit I

3

dismissed for insufficient service of process, has increased his anger and has led to "impertinent, or scandalous matter" in his Complaint that could be subject to a motion to strike. Fed. R. Civ. P. 12(f). Just two examples out of many: "The two of them exchanged smirks at the hearing: this might be sufficient to fool the population and get the judge more *quid pro quo* offered to savages of the tribe of state employees"; "nothing from Brogan but a street punk's perjuries, scams, and fraud." Compl. at 33. I fear that Barth will only continue on this course.

Accordingly, although I am not yet imposing monetary sanctions, I place John Barth on **NOTICE** that filing restrictions "may be in the offing." Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993). This represents the "cautionary order" of which Cok speaks. Id. Groundless, inappropriate, and scandalous filings will not be tolerated.

The defendants' motion for sanctions (ECF No. 5) is **GRANTED IN PART AND DENIED IN PART**.

The defendants' and the plaintiff's separate motions to strike (ECF Nos. 15, 18) are **MOOT**.

**SO ORDERED.**

**DATED THIS 24TH DAY OF JUNE, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**