# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| JOHN BARTH, | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| V. | )   CIVIL NO. 2:21-CV-127-DBH |
| | ) |
| TOWN OF WATERBORO, ET AL., | ) |
| | ) |
|     DEFENDANTS | ) |

## ORDER ON DEFENDANTS' MOTION OBJECTING TO PLAINTIFF'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

    This case is on appeal to the First Circuit, the plaintiff having appealed my ruling granting the defendants' motion to dismiss. (ECF Nos. 20, 22). Now the defendants have filed an "Objection to Plaintiff's 'Statement of the Issues to be Presented on Appeal.'" (ECF No. 28). They want me to act under Fed. R. App. P. 10(c) to "resolve the dispute surrounding Plaintiff/Appellant's Statement of the Issues to be Presented on Appeal by declining to approve the statement as part of the record on appeal" and to award sanctions. The plaintiff did not file his Statement of Issues to be Presented on Appeal in this district court, but the defendants have attached it to their Objection.

    I see no basis for this Court to act. Fed. R. App. P. 10 concerns the record on appeal. Subpart (c) describes what to do when a transcript or recording is unavailable: "If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means," the appellee may object, and "[t]he statement and any objections or

proposed amendments must then be submitted to the district court for settlement and approval."  But there was no hearing or trial, so the rule for dealing with unavailable transcripts or recording is inapt.  When the plaintiff took his appeal, he certified "pursuant to Rule 10(b)(1)(B), that no transcript of proceedings is to be ordered, as there were no proceedings in this action."  (ECF Nos. 22-1, 26-1).  That was correct.

The plaintiff, acting pro se, apparently believed that Rule 10(b)(3)(A) required him to file a document stating the issues to be presented on appeal.  That subsection of the Rule deals with partial transcripts, also inapplicable here.  Perhaps the plaintiff should have saved his statement of issues for his brief on appeal, see Fed. R. App. P. 28(a)(5), and perhaps the defendants could file a motion to strike his Statement in the First Circuit, but all that is outside my jurisdiction.  Suffice it to say that there is no basis here for me to settle and approve the record under Rule 10(c).

The defendants' Objection is **OVERRULED**.

**SO ORDERED.**

**DATED THIS 30TH DAY OF JULY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2